**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

| | |
|---|---|
| Lisa Michelle Lees, | Case No. 26-16770-CAP |
| Debtor. | Chapter 13 |

_________________________________________/

**RESPONSE TO ORDER TO SHOW CAUSE WHY ATTORNEY MITRA SHOULD NOT BE SANCTIONED FOR FAILURE TO APPEAR**

Mitun Mitra, Esq. ("Counsel"), counsel for Debtor Lisa Michelle Lees (the "Debtor"), respectfully submits this Response to the Court's Order to Show Cause Why Attorney Mitra Should Not Be Sanctioned for Failure to Appear and Setting Hearing (D.E. 28) (the "OSC"), and in support states as follows:

**INTRODUCTION**

Counsel acknowledges and sincerely apologizes to the Court, the Chapter 13 Trustee, and the parties for his failure to appear at the August 3, 2026, hearing on confirmation of the Debtor's chapter 13 plan (the "Hearing"). Counsel accepts full responsibility for that failure and does not seek to minimize it. As explained below, the failure to appear was the product of an inadvertent clerical calendaring error, not any disregard for this Court, its calendar, or Counsel's obligations to the Debtor, and Counsel is deeply apologetic for the resulting expenditure of the Court's, the Trustee's, and the parties' time and resources. Counsel respectfully submits that the equitable considerations articulated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd*. Partnership, 507 U.S. 380 (1993), and applied in this Circuit in *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996), are apply here and support neither sanctions against Counsel

nor dismissal of this case. Counsel therefore respectfully requests that the Court discharge the OSC, decline to impose sanctions, and decline to dismiss the above captioned case.

## FACTUAL BACKGROUND

1. On or about May 26, 2026, the Debtor received notice that her § 341 meeting was set for June 22, 2026, and that confirmation of her chapter 13 plan was set for August 3, 2026 (the "Confirmation Hearing").

2. The hearing date for the § 341 meeting was set forth in the same Notice of Hearing that also set the date for the Confirmation Hearing (the "Notice").

3. Upon receipt of the Notice, Counsel's office calendared the §341 meeting date reflected in the Notice, which Counsel and the Debtor attended. However, due to a clerical error, the portion of the Notice setting the Confirmation Hearing date was not entered onto Counsel's calendar.

4. As a result, Counsel had no calendar reminder and was without knowledge of the upcoming Confirmation Hearing.

5. Counsel resides in Sarasota, Florida and, by the time he learned that the matter had been called, could not physically reach the Fort Lauderdale courthouse in time to appear that day.

6. This omission was inadvertent and was not the product of bad faith, indifference to the Court's calendar, or any intent to delay these proceedings or prejudice the Debtor. Had Counsel's office properly calendared the Hearing, Counsel would have appeared as required.

7. The Debtor herself bears no responsibility for Counsel's failure to appear and should not bear the consequence of dismissal for an error attributable solely to Counsel. The Debtor

was entitled to rely upon Counsel and Counsel's office to monitor and appear at hearings scheduled in her case, and she has made all payments due under the proposed plan and remains current, demonstrating her own good faith and diligence throughout this case.

8. This is an isolated occurrence.

9. Counsel's failure to appear was not the product of any tactical or dilatory motive, and neither Counsel nor the Debtor derived, or sought to derive, any benefit or advantage from the missed Hearing.

10. On the morning of the Hearing, a colleague of Counsel who was present in court and relayed to him that the Debtor's case had been called. At that moment, Counsel realized he was missing the Hearing and immediately attempted to address the situation, though undersigned could not locate coverage on such short notice.

11. The Confirmation Hearing has since been rescheduled by the Court for September 1, 2026, at 9:00 a.m., and Counsel will personally appear on the Debtor's behalf. Since the Hearing, Counsel and his firm have undertaken additional work to move the case toward confirmation: Counsel has communicated with the Chapter 13 Trustee regarding outstanding confirmation issues, has reviewed the treatment of Wells Fargo Bank, N.A.'s claim and its objection to confirmation, and has reviewed the claims register and the Debtor's proposed plan to determine what amendments or other action may be necessary.

## THE CIRCUMSTANCES DO NOT WARRANT SANCTIONS OR DISMISSAL

12. Although *Pioneer* and *Cheney* address excusable neglect rather than a failure to appear or sanctions directly, the equitable considerations identified in those decisions are instructive in evaluating the circumstances surrounding Counsel's inadvertent calendaring error, including: (i) the danger of prejudice; (ii) the length of the delay and its potential impact

on the proceedings; (iii) the reason for the delay, including whether it was within Counsel's reasonable control; and (iv) whether Counsel acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

13. Applying those factors here:

a. **Prejudice**: No party in interest will be prejudiced by discharge of the OSC. Although Wells Fargo Bank, N.A. filed an objection to confirmation, that objection is being addressed. The Debtor has made all plan payments to date and remains current. The Confirmation Hearing has been rescheduled, and the Debtor continues to make her payments.

b. **Length of delay and impact**: A minimal delay that causes no material prejudice to creditors or impairment of the administration of the Chapter 13 case weighs in favor of the movant. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). Here, the delay is minimal and does not affect the substantive progress of the case or the rights of creditors; the Confirmation Hearing has been reset to September 1, 2026.

c. **Reason for delay**: The Eleventh Circuit in *Cheney* found excusable neglect where there was a breakdown in communication between an associate attorney and lead counsel, compounded by a secretary's failure to relay a filing deadline, resulted in an untimely filing. 71 F.3d at 850. Although the circumstances there were within counsel's control, the court concluded that the omission resulted from carelessness rather than deliberate disregard or bad faith. As set forth above, the failure to appear

here likewise resulted from an isolated clerical calendaring error rather than any strategic decision or pattern of neglect.

d. **Good faith**: Courts assess whether the movant acted with honest intent and without tactical or bad-faith motivation. Counsel promptly investigated the cause of the missed Hearing the moment he learned of it, has been forthcoming with the Court regarding the cause of the error, has no history of similar noncompliance before this Court, has no tactical or dilatory motive in connection with the missed Hearing, and has implemented concrete remedial measures, discussed below, evidencing good faith rather than disregard for the Court's authority. Counsel recognizes the seriousness of failing to appear for a scheduled hearing and does not seek to minimize the error, but respectfully submits that the absence of any indication of deliberate disregard or strategic advantage supports a finding of good faith.

14. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, the Supreme Court rejected a narrow interpretation that would limit excusable neglect only to circumstances entirely beyond a party's control. 507 U.S. 380, 392 (1993).

15. Under these circumstances, Counsel respectfully submits that dismissal would be a disproportionate remedy, given that the Debtor is blameless and diligent and that Counsel's isolated clerical error can be, and has been, addressed through the concrete remedial measures discussed below.

16. For the same reasons, Counsel respectfully submits that sanctions against Counsel are unwarranted, where the failure to appear was an isolated occurrence, was not willful, involved no tactical benefit, and was promptly disclosed and remedied.

## REMEDIAL MEASURES

17. Immediately upon learning of the missed Hearing, Counsel undertook a review of the firm's calendaring procedures to identify and correct the underlying cause of the error. As a result of that review, Counsel's office has implemented the following corrective measures:

a. **Layered and Redundant Calendaring:** Counsel and his firm have implemented redundant calendaring procedures designed to ensure that each hearing or deadline contained in a notice or order, including a §341 meeting date and any related hearing date set forth in the same document, is separately identified and calendared, with an additional level of review intended to confirm that all dates have been captured.

b. **Additional Staffing and Review:** The firm has increased staff involvement in docketing and calendar review, so that responsibility for identifying and calendaring court dates does not rest on a single individual or a single review.

18. Counsel respectfully submits that these measures directly address the root cause of the error described above and make recurrence of a similar oversight highly unlikely. There is no indication that the missed Hearing resulted from bad faith or an effort to delay the administration of this case, and Counsel and the Debtor are proceeding to address the outstanding confirmation issues in advance of the rescheduled hearing.

**WHEREFORE**, Mitun Mitra, Esq. respectfully requests that this Court enter an order: (a) finding that the circumstances described herein do not warrant sanctions against Counsel or dismissal of the Debtor's case; (b) discharging the Order to Show Cause; (c) declining to impose sanctions against Counsel; (d) declining to dismiss the Debtor's Bankruptcy case; (e) confirming that the

Confirmation Hearing shall proceed as rescheduled on September 1, 2026; and (f) granting such other and further relief as the Court deems just and proper.

Dated: August 25, 2026

Respectfully submitted,

Gendler and Gendler, PLLC
*Counsel to Debtor*
P.O. Box 450135
Fort Lauderdale, Florida 33345
Tel. 954-271-5460

By: */s/ Mitun Mitra*
Mitun Mitra, Esquire
Florida Bar No. 0121604
mmitra@gendlerlawyers.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2026, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case.

By: */s/ Mitun Mitra*
Mitun Mitra, Esquire